1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GINGER PETERSON,

  Plaintiff,

  v.

THE CITY OF FEDERAL WAY, *et al.*,

  Defendants.

CASE NO.  C06-0036RSM

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

## I.  INTRODUCTION

      This matter comes before the Court on plaintiff's Motion for Partial Summary Judgment

on the issue of strict liability, and defendants' Motion for Summary Judgment asking for

dismissal of all of plaintiff's claims.  (Dkts. #19 and #21).  In her motion, plaintiff argues that

defendant City of Federal Way ("Federal Way") is strictly liable as a matter of law for the

damages suffered after a police dog mistakenly bit her.  Defendants respond that the strict

liability statute does not apply to defendant Federal Way because the statute is superceded by

another statute which grants immunity to dog handlers who are using police dogs in the line of

duty.  On their own motion, defendants also argue that plaintiff's § 1983 claims fail as a matter

of law because there was no seizure under the Fourth Amendment, plaintiff's Fourteenth

ORDER
PAGE - 1

Amendment claims of excessive force is misplaced, there is no evidence supporting a municipal liability claim against Federal Way, there is no evidence supporting plaintiff's state law claims, and, even if any of these claims were viable, defendant Officer John Clary is immune from liability for both the federal and state claims.

For the reasons set forth below, the Court agrees with plaintiff that defendant is subject to strict liability under Washington law, and GRANTS her motion for partial summary judgment.  The Court also agrees with defendants that all of plaintiff's remaining claims should be dismissed, and GRANTS their motion for summary judgment.

## II.  DISCUSSION

### A. Background

This action stems from an incident occurring in the very early morning hours of November 30, 2003, when plaintiff, who was pregnant at the time, was mistakenly bitten by a police dog.  The events started when Federal Way K-9 Officer John Clary heard a fellow officer advise dispatch that he had seen a reckless driver northbound on Pacific Highway South.  The suspect had collided with a police car and fled the scene.  The registered owner of the vehicle had been identified as Rebecca L. Armas, and her physical description on the computer matched the description of the officer's hit and run suspect.  In addition, the computer check revealed that Ms. Armas was operating with a suspended license and had two outstanding arrest warrants.

Officer Clary located Ms. Armas' abandoned car at the Greystone Apartments.  Officer Clary, believing he saw someone flee from a nearby apartment, decided to use his K-9, Dex, to track the person.  After searching the apartment and surrounding area, Dex temporarily lost the scent, but picked it up again in the Seatac Village parking lot.  Dex performed what is known as a "back track," with Officer Clary following close behind.  While Dex was following the scent, he encountered plaintiff about 25 feet away from what was subsequently discovered as Ms.

ORDER
PAGE - 2

Armas' hiding place.  Plaintiff claims that Dex was off-lead during this encounter, while defendant asserts that Dex was on his 30-foot tracking lead.  Officer Clary did not see plaintiff on his initial approach to the parking lot, as he had temporarily lost sight of Dex while he tracked between cars, and plaintiff was on the opposite side of a large truck between other vehicles.

Plaintiff alleges that, when Dex encountered her, he bit her on the back of the leg and held her.  Officer Clary believes that when plaintiff saw Dex come around the side of the truck, she screamed and jumped backward.  That action was perceived by Dex as "furtive" which caused him to lunge and "engage" her.  Officer Clary agrees that plaintiff did not "provoke" Dex in any manner.  Further, there is no dispute that Officer Clary did not command or encourage Dex to bite plaintiff.  Indeed, when he saw that Dex was holding plaintiff, and recognized that plaintiff was not the suspect, he commanded Dex to release her, which Dex did.  Officer Clary assert that Dex released his grip "immediately" upon Officer Clary's command.  Plaintiff alleges that Officer Clary commanded Dex to release her three times, and, when Dex would not let go, Officer Clary had to physically remove Dex from her leg.

Plaintiff was examined by medical personal at the scene, but she was not transported by ambulance to the hospital because her injuries were assessed to be minor in nature.  While plaintiff was being examined at the scene, officers learned that Ms. Armas was hiding on the second floor nearby.  Police later transported plaintiff to St. Francis Hospital, where she was treated for minor injuries and released.

Plaintiff states that she submitted an administrative claim for damages with the City of Federal Way on December 21, 2004.  She subsequently filed a Complaint in King County Superior Court.  Defendants then removed the action to this Court.  The instant motions for summary judgment followed.

ORDER
PAGE - 3

### B. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995); *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

ORDER
PAGE - 4

### C.  Plaintiff's Motion for Summary Judgment – Strict Liability

The Court first turns to plaintiff's motion for partial summary judgment.  Plaintiff asks the Court to rule, as a matter of law, that defendants are subject to strict liability for the dog bite under RCW 16.08.040, which states:

> The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

RCW 16.08.040.  Defendants respond that this statute is superceded by another, and, in any event, plaintiff's claims are time barred by the public duty doctrine.  The Court is not persuaded by defendants.

In previous cases involving police dogs, this Court has ruled that RCW 16.08.040 applies to police dogs.  Indeed, in *Smith v. City of Auburn*, Case No C04-1829RSM, this Court followed two recent federal cases, one in this district and one in the Eastern District of Washington, which had previously concluded that the statute applies to police dogs.  *Hapke v. City of Edmonds, et al.*, C05-0046TSZ; *Rogers v. City of Kennewick, et al.*, C04-5028EFS.  In addition, this Court determined that had the legislature meant to except police dogs from the reach of the statute, it could have done so.  Furthermore, this Court is not persuaded that RCW 4.24.410 supersedes the statute.  Indeed, there is no conflict between the two because plaintiff does not contend that Officer Clary owns Dex, and has not pursued a strict liability claim against him.  Accordingly, the Court finds that the strict liability statute imposes liability on the City as the owner of Dex.[1]

Defendants' argument that plaintiff's claims are barred by the public duty doctrine is

---

[1] Defendants attempt to convince the Court that defendant Federal Way is not the owner of Dex. However, the record makes clear that it is.  Defendants admit that the city purchased the dog.  Officer Clary also testified at deposition that the city owns the dog.  Further, the city pays for dog food, all medical expenses, equipment and veterinarian expenses.  Officer Clary is paid a three percent "on-call incentive" for keeping and handling the dog.  (Dkt. #20).

ORDER
PAGE - 5

equally unpersuasive.  The public duty doctrine applies to negligence claims.  On the instant motion, plaintiff seeks a strict liability determination.  Such determination does not depend on whether any duty of care existed between the City and plaintiff, or whether that duty was breached.[2]  Accordingly, plaintiff's motion for partial summary judgment is granted.[3]

### D. Defendants' Motion for Summary Judgment

The Court now turns to defendants' motion for summary judgment, which asks the Court to dismiss all of plaintiff's claims.  Defendants argue that plaintiff's federal claims against Officer Clary must fail because there was no "seizure" of plaintiff, and her Fourteenth Amendment excessive force claim is misplaced.  Defendants further argue that there is no evidence supporting a municipal liability claim against defendant Federal Way.  With respect to plaintiff's state law claims, defendants also argue that those claims must be dismissed as there is no evidence supporting the claims.  Finally, defendants argue that Officer Clary is immune from liability for both the state and federal alleged violations in any event.  The Court addresses each argument in turn below.

#### 1. Motion to Strike

As a threshold matter, the Court addresses defendants' motion to strike.  Defendants ask the Court to strike portions of the declaration of plaintiff's expert witness, D.P. Van Blaricom, submitted in support of her opposition to defendants' motion.  Defendants argue that portions of the declaration impermissibly opine on ultimate issues of law.  The Court agrees.  Paragraphs 8(g), 9 and 10 contain legal conclusions as to the amount of force typically used and approved by the Federal Way Police Department, and the amount of force used on plaintiff.  Such

---

[2] Although plaintiff phrases her request for relief as seeking a determination that "defendants' actions were negligent and the sole proximate cause of the plaintiff's injuries," it is clear from the motion and supporting argument that she really seeks a strict liability determination, and the Court limits its decision to such determination.

[3] To the extent that defendants seek summary judgment that defendant Federal Way is not strictly liable under the statute, the Court denies that relief for the same reasons.

ORDER
PAGE - 6

conclusions are not permitted. *Mukhtar v. Calif. State Univ., Hayward*, 299 F.3d 1053, 1065 n.

10 (9th Cir. 2002). Accordingly, the Court will disregard these statement when considering

plaintiff's arguments.

### 2.   *Unlawful Seizure*

Defendants first argue that plaintiff's unreasonable seizure claim must fail because no

seizure under the Fourth Amendment actually occurred in this case. The Court agrees. In

*Brower v. County of Inyo*, 489 U.S. 593 (1989), the United States Supreme Court explained

that:

> violation of the Fourth Amendment requires an intentional acquisition of
> physical control. A seizure occurs even when an unintended person or thing
> is the object of the detention or taking, *but the detention or taking itself must
> be willful*. This is implicit in the word "seizure," which can hardly be applied
> to an unknowing act.

*Brower*, 489 U.S. at 596 (citations omitted) (emphasis added). The court continued:

> It is clear, in other words, that a Fourth Amendment seizure does not occur
> whenever there is a governmentally caused termination of an individual's
> freedom of movement (the innocent passerby), nor even whenever there is a
> governmentally caused and governmentally desired termination of an
> individual's freedom of movement (the fleeing felon), but only when there is
> a governmental termination of freedom of movement *through means
> intentionally applied*.

*Id.* at 596-97 (emphasis in original).

In the instant case, there is no question that Officer Clary did not intend to detain

plaintiff or otherwise terminate her freedom of movement. He did not command or in any way

direct Dex to engage plaintiff. Upon seeing that Dex had seized plaintiff, and recognizing that

plaintiff was not the suspect, Officer Clary commanded Dex to release her. Further, Dex is not a

government actor and could not possess the necessary intent. *Andrade v. City of Burlingame*,

847 F. Supp 760, 764 (N.D. Cal. 1994) (explaining that the relevant question is whether the

officer intended to apprehend the plaintiff by using the dog, and finding no seizure when such

intent was not present). Therefore, because Officer Clary did not intend to seize plaintiff

ORDER
PAGE - 7

through the use of his police dog, there can be no Fourth Amendment violation, and summary judgment in favor of Officer Clary is appropriate.

### 3. Excessive Force

Defendants next argue that plaintiff's Fourteenth Amendment excessive force claim should be dismissed because such claim is not proper. Plaintiff responds that she has not brought a Fourteenth Amendment claim, but rather seeks to have her excessive force claim analyzed under the Fourth Amendment. While the parties ultimately appear to agree that a Fourth Amendment analysis is the proper one, the Court finds such analysis unnecessary because there was no seizure. *See Robinson v. Solano County*, 278 F.3d 1007, 1018 (9th Cir. 2002) (rejecting excessive force claim because there was no seizure); *Adams v. City of Auburn Hills*, 336 F.3d 515, 519-20 (6th Cir. 2003) (same). Accordingly, summary judgment in favor of Officer Clary on plaintiff's excessive force claim is appropriate.

### 4. Municipal Liability

Defendants next ask the Court to dismiss plaintiff's municipal liability claim against defendant Federal Way. The Court agrees that such action is appropriate. In order to establish municipal liability for an alleged constitutional violation, there must be a constitutional violation to begin with. *Monell v. Dept. of Social Serv's of City of New York*, 436 U.S. 658 (1978). In this case, the Court has dismissed plaintiff's constitutional claims. Therefore, there is no basis upon which to hold Federal Way liable. Accordingly, summary judgment in favor of Federal Way on plaintiff's municipal liability claim is appropriate.

### 5. State Law Claims

Finally, the Court turns to plaintiff's state law claims. Plaintiff alleges several state law claims against Officer Clary, as well as a failure to train claim against Federal Way.

### a. Claims Against Officer Clary

Plaintiff alleges three claims against Officer Clary: (1) negligent infliction of emotional

distress, or, alternatively, intentional infliction of emotional distress/outrage; (2) false

imprisonment; and (3) assault and battery.  Defendants argue that Officer Clary is immune from

suit on the basis that he is entitled to qualified immunity under state law, and he is entitled to

complete immunity from suit pursuant to RCW 4.24.410.  The Court agrees that Officer Clary is

immune under RCW 4.24.410.  That statute provides:

> Dog handler using dog in line of duty -- Immunity
>
> (1) As used in this section:
>
> (a) "Police dog" means a dog used by a law enforcement agency specially
> trained for law enforcement work and under the control of a dog handler.
>
> . . .
>
> (c) "Dog handler" means a law enforcement officer who has successfully
> completed training as prescribed by the Washington state criminal justice
> training commission in police dog handling, or in the case of an accelerant
> detection dog, the state fire marshal's designee or an employee of the fire
> department authorized by the fire chief to be the dog's handler.
>
> (2) Any dog handler who uses a police dog in the line of duty in good faith is
> immune from civil action for damages arising out of such use of the police dog
> or accelerant detection dog.

RCW 4.24.410.

There is no dispute that Officer Clary is a dog handler under the statute, who was using

Dex in the line of duty.  However, plaintiff argues that this statute does not protect Officer Clary

because he was not acting in good faith.  Specifically, plaintiff argues that Officer Clary did not

act in good faith when he allowed Dex to search for a suspect off lead in a public area where he

knew contact with the public was likely.  Plaintiff further argues that Officer Clary was not

acting in good faith when he failed to announce that he was using a police dog.  The Court is not

persuaded.

Plaintiff has failed to produced evidence that Officer Clary was not acting in good faith.

Even accepting plaintiff's assertion that Dex was off-lead and that Officer Clary, admittedly, did

not announce that he was using a police dog, there is no apparent violation of Federal Way

ORDER
PAGE - 9

Police Department guidelines for the Canine ("K-9") Unit.  (*See* Dkt. #26, Ex. 2).  With respect to on-lead requirements, the guidelines state:

> When the apprehension includes a search, the K-9 handler will consider the nature of the crime and likelihood of unintended or incidental contact with by-standers when deciding whether to conduct the search *on or off lead*.  An announcement will be made whenever there is a likelihood that the suspect being sought is hiding.  *An announcement need not be given in circumstances where doing so would endanger the safety of the K-9 Team.*

(Dkt. #26, Ex. 2 at ¶ D. 1. a. i.) (emphasis added).  In this case, Officer Clary testified that being on a dog track is one of the most dangerous times in police work because they do not know where the suspect is, and the suspect has the opportunity to choose where to hide or set up an ambush.  (Dkt. #26, Ex. 1 at 46).  He further testified that there are times when it is not appropriate to warn about use of a police dog, such as when a suspect is hiding and the officer has no visual of the suspect, such as the instant case.  (Dkt. #26, Ex. 1 at 46-47).  Plaintiff does not rebut that testimony.  Nor has plaintiff offered any evidence that conducting the late night search off lead would have been unreasonable at the time.  Accordingly, the Court finds that Officer Clary is protected from liability under RCW 4.24.410.

However, even if Officer Clary's actions were not considered reasonable, there are other reasons to dismiss plaintiff's state law claims against him.  To prevail on a claim for intentional infliction of emotional distress, or outrage, under Washington law, a plaintiff must prove: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress.  *Reid v. Pierce County*, 136 Wn.2d 195, 202 (1998); *Grimsby v. Samson*, 85 Wn.2d 52, 59-60 (1975).  In *Grimsby*, the Washington Supreme Court explained that a claim for intentional infliction of emotional distress must be predicated on behavior "'*so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.*'" 85 Wn.2d at 59 (quoting *Restatement (Second) of Torts* § 46 cmt. d) (emphasis in original).  Conduct must be that "'which the recitation of the facts to an average

ORDER
PAGE - 10

1   member of the community would arouse his resentment against the actor and lead him to

2   exclaim "Outrageous!"'" *Reid*, 136 Wn.2d at 201-02 (quoting *Browning v. Slenderella Sys. of*

3   *Seattle*, 54 Wn.2d 440, 448 (1959)). The question of whether conduct is sufficiently outrageous

4   is generally a question for the jury; *see Seaman v. Karr*, 114 Wn. App. 665, 684 (2002);

5   however, this Court first determines if reasonable minds could differ on whether the conduct is

6   sufficiently extreme and outrageous to warrant such factual determination. *Pettis v. State*, 98

7   Wn. App. 553, 563-64 (1999). In this case, the Court finds that it does not.

8       In support of her claim, plaintiff relies on conclusory allegations rather than evidence.

9   She argues that "allowing a police dog to attack a pregnant and innocent passerby is extreme

10  and outrageous." (Dkt. #25 at 13). The Court notes that there is nothing in the record

11  indicating that Officer Clary "allowed" Dex to bite plaintiff. Indeed, it is undisputed that he did

12  not command Dex to engage plaintiff in any manner, and that he immediately directed Dex to

13  release plaintiff when he saw that Dex had mistakenly engaged her. Further, there is no dispute

14  that Officer Clary had probable cause to pursue a fleeing suspect with his police dog, and that he

15  felt a sense of danger in the late-night pursuit. In addition, this Court has already determined

16  that none of plaintiff's constitutional rights have been violated. Accordingly, the Court finds

17  that the conduct alleged by plaintiff to be outrageous cannot be regarded as atrocious and utterly

18  intolerable in a civilized community, and reasonable minds could not find that Officer Clary's

19  actions constituted extreme or outrageous conduct.

20      Likewise, the Court finds that plaintiff's false imprisonment claim must fail. "Unlawful

21  imprisonment is the intentional confinement of another's person, unjustified under the

22  circumstances." *Kellogg v. State*, 94 Wn.2d 851, 856 (1980). As discussed above, Officer

23  Clary did not intend to detain or "imprison" plaintiff, nor can Dex form the requisite intent.

24      Further, like false imprisonment, assault and battery are intentional torts. For the same

25  reasons as discussed above, Officer Clary did not have the intent to inflict bodily harm on

26

ORDER
PAGE - 11

1    plaintiff, nor can Dex form the requisite intent.

2          Finally, plaintiff alleges in her complaint that defendants' actions constitute negligent

3    infliction of emotional distress.  While defendants have failed to raise any specific arguments

4    with respect to that claim, choosing only to address the alternative claim for intentional infliction

5    of emotional distress, the Court has already determined that Officer Clary is immune from

6    liability on all state law claims against him under RCW 4.24.410.  Accordingly, that claim is also

7    properly dismissed.

8                                 b.  Claim Against Federal Way

9          Plaintiff alleges that defendant Federal Way failed to properly train and supervise Officer

10   Clary, and by doing so, proximately caused her harm.  To establish a *prima facie* case of

11   negligence, plaintiff must show a duty, breach of that duty, proximate causation and resulting

12   injury.  *Hoffer v. State*, 110 Wn.2d 415, 421, (1988), *aff'd on rehearing*, 113 Wn.2d 148

13   (1989); *Gurno v. Laconner*, 65 Wn. App. 218, 228-29 (1992).  In this case, plaintiff fails to

14   present any persuasive evidence as to the standard of care for training police officers, a breach of

15   that standard, or that such a breach proximately caused Dex to bite her.  While plaintiff's expert

16   witness opines that the Federal Way Police Department's "bite and hold" policy is unreasonable,

17   that opinion rests primarily on the IACP National Law Enforcement Center's Model Policy for

18   Law Enforcement Canines.  (Dkt. #27, Ex. B).  That model policy, by its own language, is a

19   mere guideline, and is not a controlling legal or law enforcement standard.  Plaintiff provides no

20   evidence of any controlling standard of care, or that Federal Way Police Department's training

21   or supervision of Officer Clary contravened that standard of care.  Further, plaintiff has not

22   articulated what duty defendants owed to her, or how that was breached.  Accordingly, the

23   Court finds that summary judgment in favor of defendants on plaintiff's failure to train claim is

24   appropriate.

25

26

ORDER
PAGE - 12

6.  *Punitive Damages*

Plaintiff has asked for punitive damages against defendants; however, such damages are not allowed under Washington law.  *Steele v. Johnson*, 76 Wn.2d 750, 753 (1969).  The only remaining determination in this case – a calculation of damages under Washington's strict liability/dog bite statute – results from judgment in favor of plaintiff on a state law claim.  As a result, punitive damages are not available to plaintiff.

7.  *Pre-Judgment Interest*

Plaintiff has also requested relief in the form of pre-judgment interest on all special damages.  Municipalities in Washington are immune from pre-judgment interest.  *Sintra, Inc. V. City of Seattle*, 131 Wn.2d 640, 657 (1997); *Fosbre v. State*, 76 Wn.2d 255 (1969).  Plaintiff has provided no argument to the contrary.  Accordingly, as Federal Way is the only party left with a claim against it, pre-judgment interest is not available to plaintiff.

## V.  CONCLUSION

The Court, having reviewed the parties' motions for summary judgment, the responses thereto, the declarations and exhibits in support of those motions, and the remainder of the record, hereby ORDERS:

(1)  Plaintiff's Motion for Partial Summary Judgment (Dkt. #19) is GRANTED.  Defendant City of Federal Way is strictly liable under RCW 16.08.040 for the damages caused when plaintiff was mistakenly bitten by Dex.

(2)  Defendants' Motion for Summary Judgment (Dkt. #21) is GRANTED for the reasons set forth above.  With the exception of her strict liability claim, all of plaintiff's claims are DISMISSED against defendants, and defendants John Clary and Jane Doe Clary are DISMISSED as defendants to this action.

(3)  This case is NOT CLOSED.  The amount of damages available to plaintiff under RCW 16.08.040 remains the sole  issue to be determined at trial.

ORDER
PAGE - 13

(4)  The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 18th day of July, 2007.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 14